# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **T.H.**

**No. 17-0548** (Preston County 17-JA-2)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother D.W., by counsel Andrew N. Frye, appeals the Circuit Court of Preston County's May 17, 2017, order appointing the maternal grandmother, C.M., as the guardian of T.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Chaelyn W. Casteel, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), DeAndra Burton, filed a response on behalf of the child in support of the circuit court's order. The maternal grandmother, by counsel Belinda A. Haynie, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating her as an abusing parent and in its consideration of the father's bringing the child to West Virginia and the grandmother's filing a petition for guardianship.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court vacates the circuit court's May 17, 2017, order and remands the proceedings because of its failure to follow the rules and statutes governing child abuse and neglect proceedings. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

According to petitioner, she moved to Colorado in April of 2014, along with her child and the child's father. According to the DHHR, in March or April of 2016, the father moved back to West Virginia with the child and they both stayed with the father's mother. In June of 2016, the father took the child to the maternal grandmother and requested that she care for the child. In August of 2016, the father passed away. Two days after the father's death, the maternal grandmother filed a petition in family court for temporary guardianship. In September of 2016, the family court granted her temporary guardianship of the child.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In January of 2017, the family court referred the matter to the circuit court pursuant to Rule 13 of the Rules of Practice and Procedure for Minor Guardianship Proceedings and Rule 48a (a) of the Rules of Practice and Procedure for Family Court. The circuit court held a hearing on the guardianship matter and, thereafter, the DHHR filed a petition alleging abuse and neglect. The circuit court then consolidated the DHHR's petition with the guardianship proceeding, held a preliminary hearing, and found placement of the child with her maternal grandmother to be in the best interest of the child.

In February of 2017, the circuit court held an adjudicatory hearing for which petitioner appeared telephonically. The maternal grandmother testified that petitioner had not seen the child since June of 2016 and had not offered any kind of financial assistance for the child's care. She also testified that petitioner was in West Virginia in October of 2016, but did not see the child. The DHHR presented testimony that petitioner had not visited her child since June of 2016 and did not provide any financial assistance for the child. The DHHR presented testimony that the child is thriving in the maternal grandmother's custody and there it had no concerns about the child's health or safety in the grandmother's care. The circuit court found that petitioner abandoned the child, as that term is defined under West Virginia Code § 48-22-306, and that it was in the child's best interests for the maternal grandmother to be appointed her guardian pursuant to West Virginia Code § 44-10-3. The circuit court also noted that upon a showing of a material change in circumstances in the future, petitioner could move the circuit court to terminate the maternal grandmother's guardianship. The circuit court granted petitioner supervised visits with the child. The circuit court appointed the maternal grandmother, C.M., as the guardian of T.H in its May 17, 2017, order. Upon making these determinations, the circuit court dismissed the matter.[2] At no point in its order did the circuit court make any findings in accordance with Chapter 49 of the West Virginia Code or the Rules of Procedure for Child Abuse and Neglect. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[2]Petitioner's parental rights remain intact. The father is deceased. The circuit court granted the maternal grandmother legal guardianship of the child and dismissed the proceedings. The circuit court indicated that petitioner could later seek custody of the child upon a showing of a material change in circumstances.

2

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court declines to address petitioner's assignments of error because we find that the circuit court erred in failing to undertake its responsibilities in abuse and neglect proceedings as set forth in Chapter 49 of the West Virginia Code and the Rules of Procedure for Child Abuse and Neglect Proceedings.[3]

We have previously held that

"[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009).

Here, the proceedings began in family court when the maternal grandmother filed a petition for temporary custody of T.H. Pursuant to Rule 48 of the Rules of Practice and Procedure for Family Court, the family court referred the case to circuit court upon its reasonable cause to suspect that the child was abused or neglected. Thereafter, the DHHR's petition initiated the child abuse and neglect proceedings pursuant to West Virginia Code § 49-4-601.

On February 22, 2017, the circuit court held an adjudicatory hearing. Rule 25 of the Rules of Procedure for Child Abuse and Neglect Proceedings directs the circuit court to proceed to the final adjudicatory hearing pursuant to West Virginia Code § 49-4-601(i), which states that, "[a]t the conclusion of the adjudicatory hearing, the court *shall* make a determination based upon the evidence and *shall* make findings of fact and conclusions of law as to whether the child is abused or neglected[.]" (emphasis added). "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Syllabus Point 1, *Nelson v. W. Va. Pub. Employees Ins. Bd.*, 171 W.Va. 445, 300 S.E.2d 86 (1982). Therefore, the inclusion of the term "shall" twice within West Virginia Code § 49-4-601(i) required the circuit court to make a determination based on the evidence and make findings of fact and conclusions of law as to whether the child was abused or neglected. Although the circuit court found the child to be abandoned under West Virginia Code § 48-22-306, there was no finding of abandonment under West Virginia Code § 49-1-201, the section of the code that defines abandonment as it relates to child abuse and neglect proceedings.

---

[3]We further note petitioner's assignment of error alleging that adjudication was in error misstates the record below. As noted above, the circuit court did not adjudicate petitioner pursuant to West Virginia Code § 49-1-201. Instead, it found abandonment under West Virginia Code § 48-22-306.

Here, the circuit court's order lacks any such determination of whether the child is abused or neglected and only appointed maternal grandmother, C.M., as guardian.

Next, pursuant to West Virginia Code § 49-4-604(a)(2), after adjudication, "[t]he court shall forthwith proceed to disposition[.]" Although not stated in the order, the record indicates that the circuit court dismissed these consolidated proceedings from the docket following the adjudicatory hearing. However, the circuit court failed to proceed to disposition in order to make a determination regarding the status of petitioner's parental rights. Therefore, this order is to be vacated and the matter remanded in order for the circuit court to comply with the applicable abuse and neglect rules and procedures, including the holding of an adjudicatory hearing and the issuance of an adjudicatory order containing the required findings of fact and conclusions of law as to whether the child is abused or neglected. Further, if the circuit court does make findings of either abuse or neglect, the circuit court is directed to forthwith proceed to disposition, as required by West Virginia Code § 49-4-604(a)(2).

Lastly, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the

4

child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons we vacate the circuit court's May 17, 2017, order and remand the matter, with instructions.

Vacated and Remanded.

**ISSUED**:  November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker